[Civ. No. 901. Fourth Appellate District.—August 19, 1931.]

W. G. CRONKRIGHT, Appellant, v. THELMA L. MOSS, Respondent.

Crail, Shutt, Penprase & Miller for Appellant.

Sweet & Plank for Respondent.

MARKS, J.—This is an action brought by appellant for damages for personal injuries. He was struck by an automobile being driven by respondent at the intersection of Fifth and Robinson Streets in the city of San Diego, at about 7:30 o'clock on the evening of Friday, May 13, 1927.

Fifth Street runs north and south. It is fifty feet in width between curb lines and has parallel street-car tracks on each side of its center line. Robinson Street intersects Fifth Street at right angles and is thirty-five feet in width between curb lines. Lanes for the use of pedestrians in

crossing the intersection are established and painted on its four sides. An ordinance of the city of San Diego gives pedestrians in these lanes the right of way over vehicles crossing the intersections.

The trial court rendered judgment for respondent holding that appellant was guilty of contributory negligence. The finding of the trial court on this issue is as follows: "That the said plaintiff at the time and place of said accident failed to exercise due care and caution for his own safety and without regard for the safety of himself placed himself directly in the path of the automobile operated by the said defendant, Thelma L. Moss, and negligently ran in front of said approaching automobile; that the said recklessness, carelessness and negligence of said plaintiff then and there proximately caused and contributed to each and all of said injuries sustained by him." Appellant attacks this finding as not being supported by the evidence. No other question is presented on this appeal.

In determining whether or not this finding is supported by the evidence, it will be necessary to consider only that portion of the evidence tending to support it. This evidence discloses that the intersection was brightly illuminated with street lights and that the lights of respondent's automobile were illuminated at the time of, and before the accident. Appellant, a pedestrian, was walking east on the northerly sidewalk on Robinson Street. Before stepping from the sidewalk he looked toward the south and saw the headlights of respondent's car half a block or more south of the intersection. He went on his way across the intersection and did not again look for approaching vehicular traffic until immediately before the collision. According to respondent's testimony appellant stopped his progress across the street and stood at about the center of Fifth Street between the inner rails of the street-car tracks. She proceeded on her way into Robinson Street and when she reached a point about halfway between the center of Robinson Street and its northerly curb line, appellant, from the place where he had been standing between the tracks, started to run in a northeasterly direction across the easterly side of Fifth Street. Respondent sounded her horn, applied her brakes and swerved her car to her right. The impact occurred north of the northerly pedestrian lane line at a

point about two-thirds of the way from the east street-car track to the east curb line. The left front light of respondent's car came into contact with appellant, pushing him to the pavement and breaking his leg. Respondent had so reduced the speed of her car that it was almost at a standstill at the time of the impact. It was brought to a complete stop between one and five feet beyond the point of the collision.

We have concluded that the foregoing evidence is sufficient to support the finding that appellant was guilty of contributory negligence. It justifies a conclusion that without due care he left his position of safety between the street-car tracks where he was standing when respondent was approaching the pedestrian lane used by him and ran in a northeasterly direction across the easterly half of Fifth Street into a place of danger directly in the path of respondent's automobile. With this evidence before him the trial judge was justified in concluding that appellant was guilty of contributory negligence. Of course, appellant's evidence sharply contradicts that of respondent. The law makes the trial court the judge of the weight and the sufficiency of the evidence. It having adopted that of respondent as true, its conclusions are final and binding upon this court.

Judgment affirmed.

Jennings, Acting P. J., and Finney, J., *pro tem.*, concurred.